The opinion of the Court was delivered by
O’Neall, J.
The first section of the Act of 1801, 7 Stat. *440 301, established the City Court and conferred upon it a concurrent jurisdiction with tbe Court of General Sessions of the Peace and Common Pleas, but limited the jurisdiction in the Court of Sessions to offences against the By-Laws of the Corporation. 1
The 3d § declares that “ all issues, controversies and litigations in said Court” (the City Court) “ of which the value shall exceed the sum allowed by law for the jurisdiction of a single magistrate, shall be tried by a jury,” &c.
The case before us, it will be remembered, is a sum. pro. for the recovery of twenty dollars, a fine incurred by the owner of a shop for a violation of the City Ordinance, 22d. §, Ordinance of 1836 City Ordinances, 223.
The question would hence seem to be of easy solution, by answering the question, what was the sum allowed by law to the jurisdiction of a single magistrate ?
By the Act of 1788, 7 Stat. 247, the jurisdiction of a magistrate where County Courts were established, was declared to extend to five pounds, equal to twenty-one dollars and forty-three and one-third cents. In 1791, 24 §, 7 Stat. 277-8, this jurisdiction was. also conferred on magistrates where County Courts had not existed. County Courts never existed in Charleston, Beaufort or Georgetown.
. The Constitution of 1790, Art. 9, § 6, provides, that, “ the trial by jury as heretofore used in this State shall be for ever inviolably preserved.” No doubt this referred to the then existing laws — and wherever a trial by jury had not been previously taken away, it was in all time to come to exist. A magistrate's jurisdiction existed in every part of the State, (except the three districts already mentioned) for the trial of all cases of debt without a jury. No doubt this was that, by which the Constitution was to be understood. The cotem-poraneous construction was to that effect. For the Legislature, in 1791, conferred the jurisdiction in cases of debt to *441 five pounds on magistrates, where tbe County Courts bad not existed.
In White vs. Hendrick, 1 Brev. 470, an Act of tbe Legislature increasing tbe jurisdiction of a magistrate to thirty dollars was adjudged to be unconstitutional, as infringing 9 Art., 6 §, of tbe Constitution.
I take it therefore to be plain, that a magistrate’s jurisdiction, as. high as five pounds — twenty-one dollars and forty-three and one-third cents, — is perfectly constitutional, and so far under tbe Ac't of 1801, establishing tbe City Court, tbe City Recorder may try and decide cases without a jury.
But it is argued, that a magistrate cannot bear a case for a penalty under twenty dollars. This is true, as was decided in Anderson vs. Fowler, 1 Hill, 226. But tbe reason is plain, tbe jurisdiction to bear such cases has not been given to him. If it bad been, as it has been to tbe Commissioners of tbe roads, and tbe town and village Corporations, there would be no doubt that be could try such cases, and enforce them by execution as tbe Commissioners of roads, town and village Corporations, impose and collect fines under twenty dollars. In tbe Act of 1801, tbe jurisdiction is conferred on tbe Recorder.
Tbe motion to reverse tbe Recorder’s decision is dismissed.
WhitNER, (Llover. and MüNRO, JJ., concurred.

Motion 'dismissed.